RECEIVED
MAY 0 6 2005
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC., SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) <br> Civil 05-2368 (SRC) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 3:05-CV-01151-SRC-TJB |

**PRETRIAL ORDER NO. 1**
**(Initial Case Management Order)**

1. This Order shall govern practice and procedure for all actions in *In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation*, MDL No. 1658 ("MDL 1658"), as listed on Schedule A, and shall also apply automatically to any action subsequently filed in, removed, or transferred to this Court relating to the subject matter of the actions in MDL 1658.

2. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, all actions identified as "Securities Actions" on Schedule A, as well as any related securities action subsequently identified, filed in, removed, or transferred to this Court (collectively, the "Consolidated Securities Action") are hereby consolidated for all purposes.

3. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, all actions identified as "Derivative Actions" on Schedule A, as well as any related shareholder derivative action subsequently identified, filed in, removed, or transferred to this Court (collectively, the "Consolidated Derivative Action") are hereby consolidated for all purposes.

4. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, all actions identified as "ERISA Actions" on Schedule A, as well as any related ERISA action subsequently identified, filed in, removed, or transferred to this Court (collectively, the "Consolidated ERISA Action") are hereby consolidated for all purposes.

5. Every pleading, motion, or other paper in MDL 1658 shall bear the following caption (the "Primary Caption"):

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE MERCK & CO., INC., SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| THIS DOCUMENT RELATES TO: | Case No. 3:05-CV-01151-SRC-TJB |

6. When a pleading, motion, or any other paper relates to all actions that have been coordinated and/or consolidated for pre-trial proceedings in the above-entitled litigation, the words: "THIS DOCUMENT RELATES TO: ALL ACTIONS" shall appear in the Primary Caption, as well as "Case No. 3:05-CV-01151-SRC-TJB", which shall serve as the master docket number for MDL 1658.

7. When a pleading, motion or any other paper relates to more than one of the Consolidated Actions that pleading, motion, or paper shall be filed solely under the master docket number for MDL 1658, "Case No. 3:05-CV-01151-SRC-TJB", and not under the corresponding sub-docket number for the respective Consolidated Action, which shall be assigned by the Clerk. *See* ¶¶ 10, 18, 26.

8. When a pleading, motion or any other paper relates solely to any individual action(s) that have been coordinated and/or consolidated for pre-trial proceedings in the above-entitled matter, the case title and civil action number of the individual action(s) shall appear in a caption appearing directly below the Primary Caption.

I.    **SECURITIES ACTIONS**

9.    All undecided motions filed prior to March 21, 2005 in any of the individual actions which comprise the Consolidated Securities Action are deemed to have been withdrawn without prejudice to their refiling later.

10.    When a pleading, motion, or any other paper relates solely to the Consolidated Securities Action, the words: "THIS DOCUMENT RELATES TO: THE CONSOLIDATED SECURITIES ACTION", shall appear in the Primary Caption, as well as a sub-docket number for the Consolidated Securities Action, which shall be ~~assigned by the Clerk~~ 05-2367, and shall be filed solely under that sub-docket number.

11.    Unless otherwise agreed to by Plaintiffs' Co-Lead Counsel for the Consolidated Securities Action and Defendants' Counsel, or ordered by the Court:

   a)   Plaintiffs shall serve a Consolidated and Fourth Amended Class Action Complaint (the "Consolidated Securities Complaint") not later than June 9, 2005. The Consolidated Securities Complaint will supersede any complaints previously filed in any case comprising the Consolidated Securities Action.

   b)   Defendants in the Consolidated Securities Action shall have no obligation to answer, move or otherwise respond to any other complaint filed prior to the Consolidated Securities Complaint.

   c)   Defendants in the Consolidated Securities Action shall answer, move or otherwise respond to the Consolidated Securities Complaint not later than August 12, 2005.

   d)   Plaintiffs in the Consolidated Securities Action shall serve their opposition(s) to any motion(s) to dismiss the Consolidated Securities Complaint not later than October 20, 2005.

   e)   Defendants in the Consolidated Securities Action shall serve any reply memorandum in further support of any motion(s) to dismiss not later than December 12, 2005.

3

    f)    Plaintiffs in the Consolidated Securities Action shall serve their motion for class certification no later than thirty (30) days following service of the Answer by Defendants in the Consolidated Securities Action. The parties in the Consolidated Securities Action shall then confer and agree upon a reasonable schedule for addressing the class certification issues.

12.    By separate order, the Court confirmed the appointment of Milberg Weiss Bershad & Schulman LLP and Stull, Stull & Brody as Co-Lead Counsel for Plaintiffs in the Consolidated Securities Action, who shall be solely responsible for conducting the litigation on behalf of Plaintiffs in the Consolidated Securities Action. Co-Lead Counsel for Plaintiffs in the Consolidated Securities Action, shall, among other things:

    a)    determine and present (in pleadings, briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs in the Consolidated Securities Action on all matters arising during the pre-trial proceedings;

    b)    prepare and submit all pleadings, motions, briefs, and other Court submissions on behalf of Plaintiffs in the Consolidated Securities Action;

    c)    appear in Court on behalf of Plaintiffs in the Consolidated Securities Action;

    d)    respond to motions and arguments by Defendants or third parties in the Consolidated Securities Action;

    e)    initiate and conduct discovery on behalf of Plaintiffs in the Consolidated Securities Action and respond to discovery served on Plaintiffs in the Consolidated Securities Action;

    f)    consult and employ consultants and experts;

    g)    plan, coordinate, and conduct all pre-trial, trial and post-trial activities on behalf of Plaintiffs in the Consolidated Securities Action;

    h)    conduct settlement negotiations on behalf of Plaintiffs in the Consolidated Securities Action;

    i)    delegate specific tasks to other counsel, as may be appropriate, and monitor and coordinate the activities of other counsel;

    j)  enter into agreements and stipulations with opposing counsel as necessary for the conduct of the Consolidated Securities Action; and

    k)  perform such other duties as may be incidental to the foregoing, or necessary for the prosecution of the Consolidated Securities Action.

13. With respect to the Consolidated Securities Action, no pleading, motion, application, submission, or request for discovery, or response thereto shall be served or filed, or other pretrial proceeding initiated, on behalf of any Plaintiff in the Consolidated Securities Action, except pursuant to the express direction of Co-Lead Counsel in the Consolidated Securities Action.

14. Unless otherwise ordered, extensions of time consented to by Co-Lead Counsel and Defendants' Counsel in the Consolidated Securities Action do not require the approval of the Court. Such counsel shall promptly notify the Court by letter of any such extension.

15. No order entered solely in the Consolidated Securities Action shall be binding on the Consolidated Derivative Action or the Consolidated ERISA Action.

16. With respect to the Consolidated Securities Action, service on Plaintiffs' Co-Lead Counsel and Liaison Counsel for the Consolidated Securities Action and Defendants' Counsel constitutes service on all attorneys representing parties in the Consolidated Securities Action. Because documents filed with the Court via the Electronic Filing System are also served by the Electronic Filing System, pursuant to New Jersey Local Rule 5.2, no additional service on any party will be required for documents filed with Court, unless otherwise agreed by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated Securities Action. For all other documents, unless otherwise agreed by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated Securities Action, service shall be by email in PDF format, with conforming

5

copies sent as soon as practicable by overnight mail or courier. Voluminous documents may be served by hand or by overnight mail or courier.

## II. DERIVATIVE ACTIONS

17. All undecided motions filed prior to March 21, 2005 in any of the individual actions which comprise the Consolidated Derivative Action are deemed to have been withdrawn without prejudice to their refiling later.

18. When a pleading, motion, or any other paper relates solely to the Consolidated Derivative Action, the words: "THIS DOCUMENT RELATES TO: THE CONSOLIDATED DERIVATIVE ACTION", shall appear in the Primary Caption, as well as a sub-docket number for the Consolidated Derivative Action, which shall be ~~assigned by the Clerk~~ 05-2368, and shall be filed solely under that sub-docket number.

19. Unless otherwise agreed to by Plaintiffs' Co-Lead Counsel in the Consolidated Derivative Action and Defendants' Counsel, or ordered by the Court:

   a) Plaintiffs in the Consolidated Derivative Action shall serve a consolidated complaint ("the Consolidated Derivative Complaint") not later than June 20, 2005. The Consolidated Derivative Complaint will supersede any complaints previously filed in any case comprising the Consolidated Derivative Action.

   b) Defendants in the Consolidated Derivative Action shall have no obligation to answer, move or otherwise respond to any other complaint filed prior to the Consolidated Derivative Complaint.

   c) Defendants in the Consolidated Derivative Action shall answer, move or otherwise respond to the Consolidated Derivative Complaint not later than August 19, 2005.

   d) Plaintiffs in the Consolidated Derivative Action shall serve their opposition(s) to any motion(s) to dismiss the Consolidated Derivative Complaint not later than October 20, 2005.

  e)   Defendants in the Consolidated Derivative Action shall serve any reply memorandum in further support of any motion(s) to dismiss not later than December 2, 2005.

20.   By separate order, the Court has appointed or will appoint Robbins Umeda & Fink, LLP, Whatley Drake, LLC and Lerach Coughlin Stoia Geller Rudman & Robbins LLP as Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action, who shall be solely responsible for conducting the litigation on behalf of Plaintiffs in the Consolidated Derivative Action. Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action, shall have the duties and responsibilities set forth in the order entered, or to be entered, appointing Co-Lead Counsel for Derivative Plaintiffs.

21.   With respect to the Consolidated Derivative Action, no pleading, motion, application, submission, or request for discovery, or response thereto shall be served or filed, or other pretrial proceeding initiated, on behalf of any Plaintiff in the Consolidated Derivative Action, except pursuant to the express direction of Co-Lead Counsel in the Consolidated Derivative Action.

22.   Unless otherwise ordered, extensions of time consented to by Co-Lead Counsel and Defendants' Counsel in the Consolidated Derivative Action do not require the approval of the Court. Such counsel shall promptly notify the Court by letter of any such extension.

23.   No order entered solely in the Consolidated Derivative Action shall be binding on the Consolidated Securities Action or the Consolidated ERISA Action.

24.   With respect to the Consolidated Derivative Action, service on Plaintiffs' Co-Lead Counsel and Liaison Counsel for the Consolidated Derivative Action and Defendants' Counsel constitutes service on all attorneys representing parties in the Consolidated Derivative Action. Because documents filed with the Court via the Electronic Filing System are also served

7

by the Electronic Filing System, pursuant to New Jersey Local Rule 5.2, no additional service on any party will be required for documents filed with Court, unless otherwise agreed by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated Derivative Action. For all other documents, unless otherwise agreed by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated Derivative Action, service shall be by email in PDF format, with conforming copies sent as soon as practicable by overnight mail or courier. Voluminous documents may be served by hand or by overnight mail or courier.

### III.   ERISA ACTIONS

25.   All undecided motions filed prior to March 21, 2005 in any of the individual actions which comprise the Consolidated ERISA Action are deemed to have been withdrawn without prejudice to their refiling later.

26.   When a pleading, motion, or any other paper relates solely to the Consolidated ERISA Action, the words: "THIS DOCUMENT RELATES TO: THE CONSOLIDATED ERISA ACTION", shall appear in the Primary Caption, as well as a sub-docket number for the Consolidated ERISA Action, which shall be ~~assigned by the Clerk~~ 05-2369, and shall be filed solely under that sub-docket number.

27.   The Court appoints Plaintiffs Robert Cimato, Cynthia Campbell, Robert Mortensen and Blossom Smith as Lead Plaintiffs for the Consolidated ERISA Action.

28.   The Lead Counsel Committee for the Consolidated ERISA Action, identified below, may identify different or additional Lead Plaintiffs at such time as they move for class certification in this litigation.

29. The Court designates the following to act as members of a Lead Counsel Committee for the Plaintiffs in the Consolidated ERISA Action, with the responsibilities hereinafter described:

> Robert Izard (member and chair)
> Schatz & Nobel P.C.
> One Corporate Center, 17th Floor
> 20 Church Street
> Hartford, CT 06103
>
> Lynn Lincoln Sarko (member)
> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101-3052
>
> Marc I. Machiz (member)
> Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
> 1 S. Broad Street, Suite 1850
> Philadelphia, PA 19107
>
> Joseph H. Meltzer (member)
> Schiffrin & Barroway, LLP
> 280 King of Prussia Road
> Radnor, Pennsylvania 19087

30. The Lead Counsel Committee for the Consolidated ERISA Action shall have the authority over the following matters on behalf of all Plaintiffs in the Consolidated ERISA Action in consultation with Lead Plaintiffs for the Consolidated ERISA Action:

> a) directing, coordinating, and supervising the prosecution of Plaintiffs' claims in the Consolidated ERISA Action;
>
> b) presiding over the Discovery Committee for the Consolidated ERISA Action and having the responsibility for the orderly and efficient functioning of the Discovery Committee;
>
> c) assigning work to Plaintiffs' counsel on the Discovery Committee for the Consolidated ERISA Action or otherwise as noted in (d) below;
>
> d) appointing working committees of Plaintiffs' Counsel for the Consolidated ERISA Action who will (1) assist in the conduct of the litigation, and (2)

9

consult with the Lead Counsel Committee for the Consolidated ERISA Action on all litigation matters and the performance of such work assignments as are delegated to them by the Lead Counsel Committee;

e)  retaining experts;

f)  communicating with the court;

g)  communicating with defense counsel;

h)  conducting settlement negotiations;

i)  collecting and reviewing time and expense records from all plaintiffs' counsel;

j)  maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

k)  coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation.

31. The Court designates the following to act as members of a Discovery Committee for the Plaintiffs in the Consolidated ERISA Action, with the responsibilities hereinafter described:

Joseph J. DePalma (member and chair)
Lite Depalma Greenberg, & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

Lockridge Grindal Nauen PLLP. (member)
100 Washington Ave South
Minneapolis, MN 55401

Johnson & Perkinson (member)
1690 Williston Road
South Burlington, Vermont
05403

Scott & Scott LLC (member)
P.O. Box 192
108 Norwich Avenue

10

Colchester, CT 06415

32. The Discovery Committee for the Consolidated ERISA Action shall operate under the direction of the Lead Counsel Committee for the Consolidated ERISA Action in the prosecution of the Consolidated ERISA Action as directed by the Lead Counsel Committee.

33. The Court designates the following to act as Liaison Counsel for the Plaintiffs in the Consolidated ERISA Action, with the responsibilities hereinafter described:

Lisa J. Rodriguez
Trujillo Rodriguez & Richards, LLC
8 Kings Highway West
Haddonfield, NJ 08033

34. Plaintiffs' Liaison Counsel for the Consolidated ERISA Action shall act at the direction of the Lead Counsel Committee for the Consolidated ERISA Action. Plaintiffs' Liaison Counsel shall assist the Lead Counsel Committee in facilitating coordination and communications among counsel for the parties and with the Court and otherwise assist in the coordination of discovery, presentations at pretrial conferences and other pretrial activities.

35. Unless otherwise agreed to by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated ERISA Action, or ordered by the Court:

    a) Plaintiffs in the Consolidated ERISA Action shall serve a consolidated complaint ("the Consolidated ERISA Complaint") not later than July 15, 2005. The Consolidated ERISA Complaint will supersede any complaints previously filed in any case comprising the Consolidated ERISA Action.

    b) Defendants in the Consolidated ERISA Action shall have no obligation to answer, move or otherwise respond to any other complaint filed prior to the Consolidated ERISA Complaint.

    c) Defendants in the Consolidated ERISA Action shall answer, move or otherwise respond to the Consolidated ERISA Action Complaint not later than September 15, 2005.

11

    d)    Plaintiffs in the Consolidated ERISA Action shall serve their opposition(s) to any motion(s) to dismiss the Consolidated ERISA Complaint not later than November 14, 2005.

    e)    Defendants in the Consolidated ERISA Action shall serve any reply memorandum in further support of any motion(s) to dismiss not later than December 22, 2005.

    f)    Plaintiffs in the Consolidated ERISA Action shall serve their motion for class certification no later than thirty (30) days following service of the Answer by Defendants in the Consolidated ERISA Action. The parties in the Consolidated ERISA Action shall then confer and agree upon a reasonable schedule for addressing the class certification issues.

36.    With respect to the Consolidated ERISA Action, no pleading, motion, application, submission, or request for discovery, or response thereto shall be served or filed, or other pretrial proceeding initiated, on behalf of any Plaintiff in the Consolidated ERISA Action, except pursuant to the express direction of the applicable Co-Lead Counsel in the Consolidated ERISA Action.

37.    Unless otherwise ordered, extensions of time consented to by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated ERISA Action do not require the approval of the Court. Such counsel shall promptly notify the Court by letter of any such extension.

38.    No order entered solely in the Consolidated ERISA Action shall be binding on the Consolidated Securities Action or the Consolidated Derivative Action.

39.    With respect to the Consolidated ERISA Action, service on Plaintiffs' Co-Lead Counsel and Liaison Counsel for the Consolidated ERISA Action and Defendants' Counsel constitutes service on all attorneys representing parties in the Consolidated ERISA Action. Because documents filed with the Court via the Electronic Filing System are also served by the Electronic Filing System, pursuant to New Jersey Local Rule 5.2, no additional service on any party will be required for documents filed with Court, unless otherwise agreed by Plaintiffs' Co-

Lead Counsel and Defendants' Counsel in the Consolidated ERISA Action. For all other documents, unless otherwise agreed by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated ERISA Action, service shall be by email in PDF format, with conforming copies sent as soon as practicable by overnight mail or courier. Voluminous documents may be served by hand or by overnight mail or courier.

## IV.   ALL ACTIONS

40.   All documents submitted to the Court must be electronically filed through this Court's Electronic Filing System. All counsel responsible for filing documents with this Court, or who wish to receive notice of filings, must register for the Electronic Filing System. All such counsel in any of the actions already before this Court must so register by May 5, 2005. Counsel for any action subsequently filed in, removed, or transferred to the Court must register for the Electronic Filing System within fourteen (14) days from the date of such filing, removal, or transfer. ✶

41.   The Court appoints Brickfield & Donahue as Notification Counsel for all actions in MDL 1658 during the interim period preceding the deadlines for registration for the Electronic Filing System. Notification Counsel is responsible for notifying all Plaintiffs' Lead Counsel about communications or rulings from the Court. The appointment of Notification Counsel shall terminate when all Lead Counsel (as defined above) are registered for the Electronic Filing System.

✶ It is Ordered, upon the granting of the admittance of Counsel Pro Hac Vice, each individual counsel so admitted will submit an E-Filing Registration Form to the Clerk's Office, along with their payment of the Pro Hac Vice Fees;

13

It is further Ordered, said counsel will, as soon as possible, electronically file a Notice of Attorney appearance for their respective client(s).

DATED: May 4, 2005

AGREED TO BY:

MILBERG WEISS BERSHAD &
SCHULMAN LLP

By: _____
Melvyn I. Weiss
David A.P. Brower
Richard H. Weiss
Bruce D. Bernstein
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300

STULL, STULL & BRODY

By: _____
Jules Brody
Mark Levine
Bradley Dyer
6 East 45th Street, 5th Floor
New York, NY 10017
(212) 687-7230

*Co-Lead Counsel for Plaintiffs in the
Consolidated Securities Action*

DATED: May 4, 2005

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP

By: /s/ Amber L. Eck

William S. Lerach
Travis E. Downs III
Amber L. Eck
Mary K. Blasy
Brian O. O'Mara
401 B Street, Suite 1600
San Diego, CA 92101
(619) 231-1058

WHATLEY DRAKE, LLC
Joe R. Whatley, Jr.
Peter H. Burke
2323 Second Avenue North
Birmingham, AL 35203
(205) 328-9576

ROBBINS UMEDA & FINK, LLP
Jeffrey P. Fink
Caroline Schnurer
Steve Wedeking
610 West Ash Street, Suite 1800
San Diego, CA 92101
(619) 525-3990

*Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action*

DATED: May 5, 2005

SCHATZ & NOBEL, P.C.

By: _____
Robert A. Izard
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103
(860) 493-6292

**KELLER ROHRBACK L.L.P.**
Lynn Lincoln Sarko
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1900

**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
Marc I. Machiz
1 S. Broad Street, Suite 1850
Philadelphia, PA 19107
(215) 825-4000

**SCHIFFRIN & BARROWAY, LLP**
Joseph H. Meltzer
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

*Co-Lead Counsel for Plaintiffs in the Consolidated ERISA Action*

16

DATED: May 5, 2005

CRAVATH, SWAINE & MOORE LLP

By: /s/ Robert D. Joffe
Robert D. Joffe
Evan R. Chesler
Robert H. Baron
David Greenwald
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

HUGHES HUBBARD & REED LLP
William R. Stein
Roberta Koss
1775 I Street, N.W.
Washington, DC 20006-2401
(202) 721-4600

HUGHES HUBBARD & REED LLP
A New York Limited Liability Partnership
Wilfred P. Coronato
William W. Silcott
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302-3908
(201) 536-9220

*Counsel for Defendant Merck & Co., Inc. and the Individual Defendants*

SO ORDERED:

DATED: 5/5, 2005

/s/ Hon. Stanley R. Chesler
Hon. Stanley R. Chesler
United States District Judge

17

Schedule A

*In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*
(MDL 1658) No. 05-1151

| No. | Case | District | Case No. | Judge |
|---|---|---|---|---|
| *Securities Cases* | | | | |
| 1 | Pringle v. Merck & Co., Inc. | D.N.J. | 05-1152 | Chesler |
| 2 | Ravnitsky v. Merck & Co., Inc. | D.N.J. | 05-1153 | Chesler |
| 3 | Reiner v. Merck & Co., Inc. | D.N.J. | 05-1154 | Chesler |
| 4 | Stark v. Merck & Co., Inc. | D.N.J. | 05-1155 | Chesler |
| 5 | Farbaniec v. Merck & Co., Inc. | D.N.J. | 04-5885 | Chesler |
| 6 | Hevesi v. Merck & Co., Inc. | D.N.J. | 04-5866 | Chesler |
| 7 | Devine v. Merck & Co., Inc. | D.N.J. | 05-0630 | Chesler |
| 8 | Raphael v. Merck & Co., Inc. | D.N.J. | 05-1811 | Chesler |
| 9 | Park East Inc. v. Merck & Co., Inc. | D.N.J. | 05-1812 | Chesler |
| 10 | Arnoff v. Merck & Co., Inc. | D.N.J. | 05-1813 | Chesler |
| 11 | Berlien v. Merck & Co., Inc. | D.N.J. | 05-1814 | Chesler |
| 12 | Fisher v. Merck & Co., Inc. | D.N.J. | 05-1815 | Chesler |
| 13 | Burns v. Merck & Co., Inc. | D.N.J. | 05-1816 | Chesler |
| 14 | Kalas v. Merck & Co., Inc. | D.N.J. | 05-2043 | Chesler |
| 15 | Hein v. Merck & Co., Inc. | D.N.J. | 05-1818 | Chesler |
| 16 | Deckowitz v. Merck & Co., Inc. | N.D. Ill. | 05-1911 | Aspen* |
| *Derivative Cases* | | | | |
| 1 | Staehr v. Gilmartin | D.N.J. | 05-1156 | Chesler |
| 2 | Halpert Enterprises, Inc. v. Gilmartin | D.N.J. | 05-1157 | Chesler |
| 3 | Kaufman v. Gilmartin | D.N.J. | 04-5566 | Chesler |
| 4 | Hawaii Laborers Pension Plan v. Gilmartin | D.N.J. | 05-0346 | Chesler |

\* Transfer order requested.

| No. | Case | District | Case No. | Judge |
|---|---|---|---|---|
| *ERISA Cases* | | | | |
| 1 | Mullen v. Merck & Co., Inc. | D.N.J. | 05-1158 | Chesler |
| 2 | Burton v. Merck & Co., Inc. | D.N.J. | 05-1159 | Chesler |
| 3 | Mortensen v. Merck & Co., Inc. | D.N.J. | 04-4951 | Chesler |
| 4 | Cimato v. Merck & Co., Inc. | D.N.J. | 04-4987 | Chesler |
| 5 | Horne v. Merck & Co., Inc. | D.N.J. | 04-5156 | Chesler |
| 6 | Nelson v. Merck & Co., Inc. | D.N.J. | 04-5260 | Chesler |
| 7 | Ugwuneri v. Merck & Co., Inc. | D.N.J. | 04-5397 | Chesler |
| 8 | Zomay v. Merck & Co., Inc. | D.N.J. | 04-5435 | Chesler |
| 9 | Campbell v. Merck & Co., Inc. | D.N.J. | 04-5900 | Chesler |
| 10 | Smith v. Merck & Co., Inc. | D.N.J. | 05-0962 | Chesler |
| 11 | Patterson v. Merck & Co., Inc. | D.N.J. | 05-1810 | Chesler |
| 12 | Nalett v. Merck & Co., Inc. | D.N.J. | 05-1817 | Chesler |